**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 1:08-cr-018<br>CIVIL CASE NO. 1:13-cv-489 |
| Plaintiff/Respondent, | Judge Michael R. Barrett |
| v. | |
| RAMONE ANDERSON, | |
| Defendant/Petitioner. | |

### ORDER

In *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019), the Sixth Circuit, en banc, overruled its prior decision (Doc. 96) in Defendant's criminal case. *See United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012), *overruled by Burris*. Perhaps understandably, Defendant sees this as a new opportunity to challenge his sentence. To that end, he has filed a Fed. R. Civ. P. 60(b) motion (the "Rule 60(b) motion") (Doc. 117), to which Plaintiff has responded (Doc. 120) and he has replied (Doc. 123).[1] Defendant also filed a motion for summary disposition under Fed. R. Civ. P. 56 of his Rule 60(b) motion. (Doc. 121). For the reasons that follow, the Court finds that Defendant's Rule 60(b) claim is, in fact, a second or successive § 2255 motion over which the Court does not have jurisdiction.

**I.    BACKGROUND**

The Court refers to the Sixth Circuit's opinion (Doc. 96) for the underlying factual background to this case and its own prior opinion and order (Doc. 107) denying Defendant's § 2255 motion for the history pertaining to that motion and his direct appeal.

---
[1] Defendant moved for an extension of time to file this reply (Doc. 122), which the Court will grant.

1

The Court denied § 2255 relief on February 10, 2015. In the interim, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutional. In the wake of that ruling, the Court appointed counsel to evaluate Defendant's case for resulting, meritorious claims. (Doc. 114). Counsel determined that no further filings were warranted. (*See* June 20, 2016 docket entry).

Over two years later, the Sixth Circuit decided *Burris*, which held that

> (1) Ohio's felonious-assault [Ohio Rev. Code § 2903.11(A)] and aggravated-assault [Ohio Rev. Code § 2903.12(A)] statutes are too broad to qualify categorically as violent-felony predicates under the ACCA and Guidelines elements clauses, (2) that both statutes are divisible, and (3) that only the (A)(2) version of each statute qualifies as a violent-felony predicate under the ACCA and Guidelines elements clauses.

*Burris*, 912 F.3d at 407. Defendant thereafter moved the Sixth Circuit to recall the mandate pertaining to the overruled decision in his case. (Sixth Circuit No. 10-3273, Doc. 90). The Court denied the motion, noting:

> Anderson argues that because *Burris* overruled the decision upholding his sentence under the Armed Career Criminal Act, his appeal should be reconsidered. Unfortunately, Anderson's conviction became final years before the court issued the *Burris* decision. "[T]he proper remedy to attack a sentence in a final criminal proceeding lies under § 2255, and the fact that such remedy is no longer available does not warrant a recall of the mandate[.]" [*United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005)]; *cf.* [*Calderon v. Thompson*, 523 U.S. 538, 553 (1998)] (a motion to recall the mandate to reopen a § 2254 habeas appeal may be regarded as a successive habeas petition).

(Doc. 116). Shortly after the entry of this order, Defendant filed his Rule 60(b) motion. (Doc. 117). Defendant first asserts that this Court ignored the merits of his challenge to his ACCA violent-felony predicates in his § 2255 motion. (*Id.* at PAGEID #: 920). He then argues that this, coupled with the intervening change in law demonstrated in *Burris*,

2

demonstrate extraordinary circumstances that entitle him to relief from the Court's prior order (Doc. 107) under Fed. R. Civ. P. 60(b)(6).

**II. LAW**

The legal framework for reviewing a Rule 60(b) motion in collateral proceedings was set out in *In re Nailor*, 487 F.3d 1018 (6th Cir. 2007). In *Nailor*, the Court noted that Rule 11 of the Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts establishes that the Federal Rules of Civil Procedure apply in § 2255 proceedings; but according to Rule 12, only to the extent "not inconsistent with any statutory provisions or these rules." *Id.* at 1021 (internal quotation omitted). The *Nailor* court went on to frame the relevant inquiry as whether or not a 60(b) motion "raises a claim, defined . . . as 'an asserted federal basis for relief . . . .'" *Id.* at 1022 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)). A motion that "'add[s] a new ground for relief'" or that "'attacks the federal court's previous resolution of a claim *on the merits*'" is a motion that, in fact, seeks second or successive § 2255 relief and must clear additional procedural hurdles (*see* § 2255(h)) before receiving substantive review. *Id.* (citing *Gonzalez*, 545 U.S. at 532). By contrast, a motion that attacks "'some defect in the integrity of the federal habeas proceedings'" is properly brought pursuant to Rule 60(b). *Id.* (citing *Gonzalez,* 545 U.S. at 532).

To the extent that Defendant, in fact, is raising a § 2255 claim, it is subject to careful gatekeeping requirements. *See Sterling v. O'Brien*, No. Civ.A. 05CV78HRW, 2005 WL 1657086, *3 (E.D. Ky. July 14, 2005) ("[Antiterrorism and Effective Death Penalty Act] imposed several statutory restrictions on prisoners' ability to file relief under 28 U.S.C. § . . . 2255, including . . . the stringent requirement that a prisoner who has already filed an

unsuccessful § 2255 motion . . . must receive pre-authorization from the appropriate circuit court."). Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2255(h) incorporates this requirement and allows a second or successive motion only upon the demonstration of certain newly discovered evidence or a new, relevant, and retroactive rule of constitutional law. 28 U.S.C. §§ 2255(h)(1), (2).

**III.    ANALYSIS**

Defendant attacks an order entered in his § 2255 proceedings, in which the Federal Rules of Civil Procedure may apply. *See United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011) (contrasting application of the civil rules in habeas proceedings with criminal proceedings). *Cf. United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) (While noting that the civil rules do not apply to criminal proceedings, stating that it "might also understand [the defendant's] Rule 60(b) motion to seek whatever relief is available in connection with his earlier post-conviction civil proceedings."). Though Defendant could theoretically attack this Court's prior § 2255 order (Doc. 107) using the federal civil rules, it is not appropriate here.

In his underlying § 2255 motion, Defendant had argued that "the government failed to prove he was convicted of three prior violent felonies that would qualify as a 'violent felony' under the ACCA." (Doc. 107, PAGEID #: 893). The Court concluded that his related arguments restated claims made on direct appeal and held: "Given that a § 2255 motion may not be used to relitigate a sentencing issue that was raised and considered on direct appeal, or was otherwise waived, absent exceptional circumstances which are

4

not present here, the Court need not further address that issue." (*Id.*at PAGEID #: 895). Based on this, Defendant argues that disposition under Fed. R. Civ. P. 60(b) is appropriate. But Defendant's challenge does not seek to "lift the procedural bars that prevented adjudication of certain claims on the merits." *Moreland v. Robinson*, 813 F.3d 315, 323 (6th Cir. 2016) (citation omitted). *See also In re Gibbs*, Nos. 07-3956, 97-00556, 2008 WL 2944699, at *2 (6th Cir. July 24, 2008) (Fed. R. Civ. P. 60(b) motion should not have been construed as a second or successive motion "insofar as [the defendant] challenged the district's prior holding that his first claim was procedurally defaulted."). Instead, Defendant argues that *Burris* provides a new basis for federal relief. This distinction suggests that Defendant's filing is more properly considered a second or successive § 2255 motion—a conclusion bolstered by the limitation, noted above, that Fed. R. Civ. P. 60(b) applies in the § 2255 context *only to the extent not inconsistent with § 2255*. Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts, Rule 12. *Cf. Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016) ("'[A] habeas petitioner's [Rule 60(b)] filing' that seeks to present 'newly discovered evidence' in support of a claim may be 'at least similar enough [to a habeas corpus application] that failing to subject it to the same requirements would be 'inconsistent with' ' [the Antiterrorism Effective Death Penalty Act]." (quoting *Gonzalez*, 545 U.S. at 531)).

A district court "lacks jurisdiction to entertain" a second or successive § 2255 motion without the Sixth Circuit's prior authorization. *Jackson v. United States*, No. 1:05-cr-182, 2015 WL 1737259, *3 (S.D. Ohio April 16, 2015). *See also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the court of appeals], the district

court shall transfer the document to [the court of appeals] pursuant to 28 U.S.C. § 1631."). *See also Albo v. United States*, 498 F. App'x 490, 495 (6th Cir. 2012) ("Since [defendant's] Rule 60(b) motion is a second or successive § 2255 motion, the district court should have transferred the case to [the court of appeals] for certification.") (citing *Sims*). The Court has no jurisdiction to adjudicate this second or successive § 2255 motion and must transfer the motion to the Sixth Circuit. [2]

### IV. CONCLUSION

Defendant's Motion for Extension of Time (Doc. 122) is **GRANTED**. Defendant's Motion for Summary Disposition is premised on his "entitle[ment] to judgment as a matter of law" on his Rule 60(b) motion. Fed. R. Civ. P. 56(a). Given the Court's conclusion that Fed. R. Civ. 60(b) does not apply, this motion (Doc. 121) is **DENIED**. The Clerk is directed to **TRANSFER** Defendant's Rule 60(b) motion (Doc. 117) to the United States Court of Appeals for the Sixth Circuit as a second or successive petition pursuant to 28 U.S.C. § 1631 for authorization under 28 U.S.C. § 2244(b)(3)(A).

**IT IS SO ORDERED**.

*s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[2] While Defendant disagrees with this assessment in reply (Doc. 123, PAGEID #: 946), he initially moved, in the alternative, for the Court to transfer his motion to the Sixth Circuit as second or successive. (*See* Doc. 117, PAGEID #: 923–24).